**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAZMINE SADA** § | | |
| § | | |
| *Plaintiffs* § | | |
| § | **C.A. NO. _____** | |
| **VS.** § | | |
| § | | |
| **CHRISTOPHER COOK and HARRIS** § | | |
| **COUNTY, TEXAS** § | **JURY DEMANDED** | |
| § | | |
| *Defendants* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW JAZMINE SADA, hereby becoming Plaintiff in the above-entitled and numbered cause, complaining of CHRISTOPHER COOK and HARRIS COUNTY, TEXAS, Defendants, and for cause of action would respectfully show the Court the following:

### PARTIES

1. Plaintiff JAZMINE SADA is an individual residing in McLennan County, Texas.

2. Defendant CHRISTOPHER COOK ("COOK") is an individual residing in Harris County, Texas. Defendant COOK may be served with process herein at his employer's address, Harris County Juvenile Probation Department, 1200 Congress Street, Houston, Texas 77002.

3. Defendant HARRIS COUNTY, TEXAS ("HARRIS COUNTY") is a political subdivision of the State of Texas. Defendant HARRIS COUNTY may be served with process herein by serving County Judge Lena Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002.

### JURISDICTION

4. This Court has jurisdiction over this lawsuit because this lawsuit arises under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## VENUE

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## BACKGROUND FACTS

6.     On or about May 24, 2024, Plaintiff was a minor who was in custody at the Harris County Juvenile Probation Department. On that date, Defendant COOK, who was acting under color of state law and in the course and scope of his employment with Defendant HARRIS COUNTY, used unreasonable, unnecessary and excessive force by pulling Plaintiff's hair, smashing Plaintiff's head against a wall, and repeatedly punching Plaintiff in the face. The force used by Defendant COOK was so brutal and so excessive that another officer of Defendant HARRIS COUNTY had to pull Defendant COOK off of Plaintiff or Defendant COOK could have killed Plaintiff. As a result of the injuries inflicted by Defendant COOK, Plaintiff had to be taken to a hospital.

7.     At the time of the assault and battery by Defendant COOK, Defendant COOK was acting under color of the laws and regulations of the State of Texas.

8.     Defendant HARRIS COUNTY had a policy and/or custom in place that allowed its agents and employees to act with deliberate indifference to the constitutional rights of individuals. Defendant HARRIS COUNTY had a policy and/or custom of tolerating misconduct by its Juvenile Probation Officers including Defendant COOK. Further, Defendant HARRIS COUNTY encouraged misconduct by its Juvenile Probation Officers, including Defendant COOK, by failing to adequately supervise, discipline and/or train them.

## COUNT 1:

### 42 U.S.C. § 1983: EXCESSIVE FORCE CLAIM AGAINST DEFENDANT COOK IN HIS INDIVIDUAL CAPACITY

9.     Defendant COOK'S use of unreasonable, unnecessary, and excessive force violated Plaintiff's clearly established constitutional rights and was not objectively reasonable in light of the

circumstances.

10. Defendant COOK acted willfully, deliberately, maliciously and with reckless disregard for Plaintiff's constitutional rights.

## COUNT 2:

### 42 U.S.C. § 1983: *MONELL* LIABILITY AGAINST DEFENDANT HARRIS COUNTY

11. On the occasion in question, Defendant HARRIS COUNTY'S policy and/or custom enabled its agents and employees, including Defendant COOK, to act with deliberate indifference to Plaintiff's constitutional rights.

## DAMAGES

12. Defendants' unlawful conduct proximately caused Plaintiff to suffer the following elements of damages for which Plaintiff hereby sues:

    a. Physical pain in the past and in the future;

    b. Mental anguish in the past and in the future;

    c. Physical impairment in the past and in the future;

    d. Disfigurement in the past and in the future;

    e. Medical expenses in the past and in the future.

## ATTORNEY'S FEES

13. Plaintiff is entitled to an award of reasonable and necessary attorney's fees and costs pursuant to 42 U.S.C. §1988(b).

## JURY DEMAND

14. Plaintiff hereby demands trial by jury.

## PRAYER

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff prays that Defendants be cited to appear and answer herein and that on final trial Plaintiff have judgment against Defendants, jointly

and severally, for:

1) damages to be determined by the jury in its sole discretion;
2) reasonable and necessary attorneys fees;
3) pre-judgment interest at the highest rate allowed by law;
4) post-judgment interest at the highest rate allowed by law;
5) costs of Court; and
6) such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE NIELSEN LAW FIRM, P.C**.

BY: */s/ Eric D. Nielsen*
ERIC D. NIELSEN
TBA#: 15021625
Fed. ID: 806
9800 NORTHWEST FRWY, SUITE 314
HOUSTON, TEXAS  77092
TEL:   (713) 524-4800
FAX:  (888) 587-9443
service@nielsentriallaw.com

**ATTORNEY IN-CHARGE FOR PLAINTIFF**