IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAZMINE SADA<br>*Plaintiff,* | § § § | |
| V. | § | CIVIL ACTION NO. <u>4:25-cv-00544</u> |
| | § | |
| CHRISTOPHER COOK AND HARRIS<br>COUNTY, TEXAS<br>*Defendants.* | § § § § § | JURY DEMANDED |

## DEFENDANT HARRIS COUNTY'S OPPOSED MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLIANT

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS

Respectfully submitted,

By: /s/     Rachel Fraser
**RACHEL FRASER**
Senior Assistant County Attorney
ATTORNEY IN CHARGE
State Bar No. 24079725
Fed Bar No. 4067195
Tel: (713) 274-5383 (direct)
rachel.fraser@harriscountytx.gov
**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEY FOR DEFENDANT
HARRIS COUNTY**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................ ii

I. Introduction........................................................................................................................ 1

II. Statement of Facts............................................................................................................ 1

III. Statement of Issues, Summary of Argument and Standard of
     Review........................................................................................................................... 2

     A.  Summary of the Argument.................................................................................. 2

     B.   Standard of Review…......................................................................................... 2

IV. Argument and Authorities.............................................................................................. 4

     A.  Plaintiff failed to state a claim for municipal liability under Monell for which relief
         can be granted against Harris County................................................................. 4

          1.  No Policymaker.............................................................................................6
          2.  No Policy.......................................................................................................7
          3.  No Causal Link..............................................................................................8
          4.  No Deliberate Difference..............................................................................8

V. Conclusion.........................................................................................................................8

# TABLE OF AUTHORITIES

PAGE(S)

Cases

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*,
    300 F.3d 620 (5th Cir. 2001) ............................................................................... 4
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 2, 3
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................. 2, 3, 4
*Bennett v. City of Slidell*,
    728 F.2d 762 (5th Cir.) .................................................................................... 5
*Blackburn v. City of Marshall*,
    42 F.3d 925 (5th Cir. 1995) ............................................................................. 4
*Board of County Comm'rs v. Brown*,
    520 U.S. 397 (1997) ............................................................................. 4, 5, 6, 8
*Cicalese v. Univ. of Tex. Med. Branch*,
    924 F.3d 762 (5th Cir. 2019) ........................................................................... 4
*Connick v. Thompson*,
    561 U.S. 51 (2011) ........................................................................................... 5
*Cornish v. Corr. Servs. Corp.*,
    402 F.3d 545 (5th Cir. 2005) ........................................................................... 4
*Culbertson v. Lykos*,
    790 F.3d 608 (5th Cir. 2015) ........................................................................... 5
*Davidson v. City of Stafford,*
    848 F.3d 384 (5th Cir. 2017) ........................................................................... 5
*Flagg Bros., Inc. v. Brooks*,
    436 U.S. 149 (1978) ......................................................................................... 4
*Fraire v. City of Arlington*,
    957 F.2d 1268 (5th Cir. 1992) ................................................................... 5, 6, 8
*Gonzalez v. Ysleta Indep. School Dist.*,
    996 F.2d 745 (5th Cir. 1993) ........................................................................ 6, 8
*Hale v. King*,
    642 F.3d 492 (5th Cir. 2011) ....................................................................... 3, 4
*Harmon v. City of Arlington, Texas*,
    16 F.4th 1159 (5th Cir. 2021) .......................................................................... 3
*James v. Harris Cnty.*,
    577 F.3d 612 (5th Cir. 2009) ........................................................................... 5
*Leal v. McHugh*,
    731 F.3d 405 (5th Cir. 2013) ........................................................................... 2
*Lincoln v. Turner*,
    874 F.3d 833 (5th Cir. 2017) ........................................................................... 4
*Livadas v. Bradshaw*,
    512 U.S. 107 (1994) ......................................................................................... 4
*Monell v. Dep't of Social Servs.*,

    436 U.S. 658 (1978) ............................................................................................. 4, 5, 6, 8

*Montoya v. FedEx Ground Package Sys., Inc.*,
    614 F.3d 145 (5th Cir. 2010) ................................................................................................ 3

*Okon v. Harris Cnty. Hosp. Dist.*,
    426 F. App'x 312 (5th Cir. 2011) ......................................................................................... 6

*Pena v. City of Rio Grande City*,
    879 F.3d 613 (5th Cir. 2018) ................................................................................................ 5

*Peterson v. City of Fort Worth*,
    588 F.3d 838 (5th Cir. 2009) ................................................................................................ 5

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ................................................................................................ 5

*Ratliff v. Aransas Cnty., Texas*,
    948 F.3d 281 (5th Cir. 2020) ................................................................................................ 5

*Shaw v. Villanueva*,
    918 F.3d 414 (5th Cir. 2019) ................................................................................................ 3

*Taylor*,
    296 F.3d ................................................................................................................................ 7

*Valle v. City of Houston*,
    613 F.3d 536 (5th Cir. 2010) ................................................................................................ 5

*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A.,
    H-10-2559, 2011 WL 4592057 (S.D. Tex. Sept. 30, 2011) ................................................. 7

*Walker v. Beaumont Indep. Sch. Dist.*,
    938 F.3d 724 (5th Cir. 2019) ................................................................................................ 3

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 1, 4, 6

**Rules**

Fed. R. Civ. P. 4 ........................................................................................................................ 1
Fed. R. Civ. P. 8(a)(2) .............................................................................................................. 2
Rule 12(b)(6) of the Federal Rules of Civil Procedure .................................................... 1, 2, 3

To The Honorable Judge of Said Court

Defendant Harris County (the "County") files this Motion to Dismiss Plaintiff Jazmine Sada's ("Plaintiff") Original Complaint (DE. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County would respectfully show the Court as follows:

## I. INTRODUCTION

This lawsuit stems from a May 24, 2024 incident involving a then-juvenile who was allegedly assaulted by Juvenile Probation Officer Christopher Cook. Plaintiff sues Harris County and Christopher Cook individually under 42 U.S.C. § 1983. As of the date of this filing, Cook has not been properly served.[1]

## II. STATEMENT OF FACTS

On May 24, 2024, Defendant was in the Harris County Juvenile Probation Department where Cook worked as a juvenile probation officer. Plaintiff alleges that Cook pulled his hair, hit Plaintiff's head on a wall and struck Plaintiff in the face. Plaintiff was treated at a hospital. Plaintiff sues Harris County and Christopher Cook individually under 42 U.S.C. § 1983, alleging excessive force, and a County policy of "tolerating" and "encouraging" misconduct of juvenile probation officers by failing to adequately supervise, discipline and train them.

This Court should dismiss all claims against Harris County because this Court lacks subject matter jurisdiction and because Plaintiff fails to state a claim entitling him to legal relief as a matter of law.

---

[1] Dkt. 9 reflects a return of service executed as to Christopher Cook by mail which is improper service of a summons. Fed. R. Civ. P. 4.

## III. STATEMENT OF ISSUE, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

The Issue to be ruled upon by this Court is:

(1) Whether Plaintiff failed to state a claim for municipal liability under *Monell* for which relief can be granted against Harris County?

### A. Summary of the Argument

Harris County respectfully submits that under Rule 12(b)(6), Plaintiff's claims against the County must be dismissed for failure to state a claim. All of Plaintiff's claims against the County are nothing more than general, conclusory allegations masquerading as factual conclusions. As such, Plaintiff has failed to state any facts to establish a *Monell* claim against Harris County. He has failed to plead as a matter of law, a policy, policymaker, and that the policy was the moving force in the assault against Plaintiff allegedly committed by Cook. Plaintiff has failed to state any claim upon which relief can be granted and all such claims should be dismissed.

### B. Standard of Review

Rule 12(b)(6) allows a defendant to seek dismissal if a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion, therefore, tests the legal sufficiency of the claims stated in the complaint and must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "The court does not, however, 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162-1163 (5th Cir. 2021) (quoting *Ashcroft*, 556 US at 678); *see also Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019); *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (internal citation omitted). Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Twombly*, 550 U.S. at 555; *see also Cicalese*, 924 F.3d at 765; *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

## IV. ARGUMENT & AUTHORITIES

**A. Plaintiff failed to state a claim for municipal liability under *Monell* for which relief can be granted against Harris County.**

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a Section 1983 claim, a plaintiff must allege facts demonstrating that (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Municipalities may be liable under § 1983 if it has a custom or policy that deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some

4

sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for an employee's actions, even if unconstitutional. *See Connick v. Thompson*, 561 U.S. 51, 60 (2011); *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

Even if Plaintiff does reference any actions of any Harris County actors or employees, Harris County would not be liable, as any isolated instances of alleged constitutional violations would not be enough to trigger liability and the County would not be held vicariously liable. To support a claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018).

"[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 561 U.S. at 60; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Plaintiff, therefore, bears the burden of demonstrating that, "through <u>deliberate</u> [indifference], the [governmental entity] was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *see also James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

5

Additionally, the Fifth Circuit has defined an official policy for purposes of § 1983 as "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policy-making authority." *Okon v. Harris Cnty. Hosp. Dist.*, 426 F. App'x 312, 316 (5th Cir. 2011) (citations omitted). Plaintiff has failed to identify a defined policy created by a Harris County policymaker, or a custom or practice that was the "moving force" in the violation of his constitutional rights. Plaintiff has likewise failed to set forth specific facts and has simply made conclusory allegations.

Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but *a decision by Harris County to* violate *the Constitution. See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added). Plaintiff has failed to allege any facts that meet this stringent standard.

1. **No Policymaker**

Since Plaintiff has not established the necessary elements of a *Monell* claim, his claims fail as a matter of law and must be dismissed against Harris County. Plaintiff has failed to meet the very first element of a *Monell* claim and has failed to establish a county policymaker. Plaintiff has not named nor identified any county policymaker in this case who established a policy which was

the moving force behind a constitutional violation. For this reason, Plaintiff has failed to meet the very basic first step in his claim and thus, his claims against Harris County must be dismissed.

### 2. No Policy

Plaintiff also fails to meet the second element of his *Monell* claim, and fails to identify any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Plaintiff's constitutional rights. Nor has Plaintiff established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a county policy. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted).

In his pleading, Plaintiff never even mentions a policy by a Harris County policymaker. There is no official policy stated. Additionally, there are no supported facts to establish any custom, pattern or practice so widespread as to be seen as a policy for Harris County. Plaintiff's conclusory statements are insufficient to show a county policy or widespread custom which was the moving force behind any alleged constitutional violation from Harris County. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and his claims against Harris County should be dismissed as a matter of law. Plaintiff merely mentions the actions of a juvenile probation officer (Dkt.1 at ¶ 6-8) and concludes Harris County at a policy / custom in place of allowing employees to act with deliberate indifference to constitutional rights. (Dkt. 1 at ¶ 8). Plaintiff takes issue with the officer's actions he cannot impute liability to Harris County.

### 3. No Causal Link

There is no factual basis alleged that any alleged policy was a moving force to Plaintiff's injuries. In fact, there is nothing alleged in Plaintiff's Original Complaint beyond a mere conclusion regarding Harris County which supports that any of its alleged policies actually caused his claimed constitutional injury. Plaintiff simply states that Harris County enabled Cook to act with deliberate indifference. DKT. 1 at ¶ 11 . These allegations are conclusory, fail to show a cause of action, the elements of a *Monell* claim or the causal link that is required. Plaintiff's *Monell* claim against Harris County must be dismissed.

### 4. No Deliberate Indifference

Plaintiff also failed to show there was deliberate indifference. Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. S*ee Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but a decision by Harris County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added). Plaintiff has failed to allege any facts that meet this stringent standard.

### V. CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Harris County. Accordingly, Harris County is entitled to dismissal of Plaintiff's claims against the County as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claim against it, award costs and attorneys' fees and grant all other relief to which Defendant is entitled.

Date: March 7, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT
**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:  /s/    Rachel Fraser

**RACHEL FRASER**
**Senior Assistant County Attorney**
**ATTORNEY IN CHARGE**
State Bar No. 24079725
Fed Bar No. 4067195
Rachel.Fraser@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
**Houston, Texas 77002**
**Tel:(713) 274-5383**
**ATTORNEY FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause by CM/ECF, Email and/or CMRRR on this March 7, 2025 to all counsel of record and Pro Se Plaintiff:

Jeff Olley
P.O. Box 5044
Katy, Texas 77491

*/s/ Rachel Fraser*
Rachel Fraser

## CERTIFICATE OF CONFERENCE

I certify that on February 24, 2025, I conferred with Counsel via email on this motion and made a good faith effort to resolve the pleading deficiencies in this motion to dismiss. We were unable to reach an agreement regarding amending the petition and Mr. Nielsen opposes my motion

*/s/ Rachel Fraser*
Rachel Fraser